UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LINDA BUTLER,<br><br>    Plaintiff,<br><br>v.<br><br>WINCO FOODS, LLC, A California Limited Liability Corporation; BRIAN MILLER and DOES 1 through 20, Inclusive,<br><br>    Defendants. | CASE NO. CV12-980 PA (DTBx)<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER RE: CONFIDENTIALITY**<br><br>**Magistrate Judge:  David T. Bristow**<br><br>Action Filed:   May 15, 2012<br>Trial Date:     April 30, 2012<br>Judge: Hon. Percy Anderson |

Pursuant to the parties' **STIPULATION FOR PROTECTIVE ORDER RE: CONFIDENTIALITY, IT IS HEREBY ORDERED THAT:**

1. <u>Good Cause for Protective Order</u>.  The parties stipulate that Defendants contend that the entry of this Protective Order re Confidentiality is necessary because discovery in this action will require the parties to produce confidential and private business and personal information, the public disclosure of which may violate the privacy interests of third parties and employees.

2. <u>Designation of Confidential Information</u>.  **This Protective Order applies only to the names of Winco's employees at its Perris store from January 1, 2009 to the present and the names of Winco's former employees at its Perris store from January 1, 2009 to the present and their contact information.  No other information is protected by this Protective Order.  The names and contact information will be provided to Plaintiff's counsel upon execution and court approval of this Stipulation for Protective Order re Confidentiality.**  The names and contact information will be designated as "Confidential Information" as provided herein.  This written information will be designated as "Confidential Information" by placing on each page a stamp or notice stating "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."  If information or documents are produced on a computer storage medium such as a CD-ROM, such information or documents may be designated as "Confidential Information" by placing a stamp or notice on the CD-ROM or other storage medium.

3. <u>Non-Disclosure and Non-Use</u>.  Except with the prior written consent of the party or other person originally designating an item as "Confidential Information," or with the prior consent of the Winco employees or former employees or as hereinafter provided under this order, no designated "Confidential Information" and no information derived therefrom, may be disclosed to any person.  Persons obtaining access to "Confidential Information" (or information derived therefrom) under this Order shall use such items solely for the purposes of litigating this lawsuit (including appeals), and shall not use such documents or information for any other purpose, including business,

governmental, commercial, or administrative or judicial proceedings other than this lawsuit.

4. <u>Permissible Disclosures</u>.  Designated "Confidential Information," and information derived therefrom, may be disclosed to:

(a) parties to this action and employees of such parties, and their insurers;

(b) counsel for the parties in this action, and to the extent reasonably necessary to render professional services in the litigation, the members of such counsel's law firm, associates, secretaries, paralegals, assistants, and employees of such counsel;

(c) court officials, court employees, investigators, process servers, special masters and referees appointed by the court, mediators acting with consent of all parties, court reporters, deposition officers and videographers, professional photocopiers and e-discovery vendors, provided that the parties disclose such materials with suitable precautions calculated to maintain confidentiality; and

(d) actual or potential witnesses, consultants, and testifying experts to whom disclosure is reasonably necessary, provided that the conditions detailed in paragraph 5 have been met.

5. <u>Agreement to be Bound</u>.  Before "Confidential Information" may be disclosed to any person under subpart (d) of paragraph 4, he or she must read this Protective Order.

6. <u>Depositions</u>.  Nothing in this Protective Order shall prohibit the use of, or reference to, any "Confidential Information" in any deposition, provided that the party using such information first provide a copy of this Protective Order to the witness, and take reasonable steps to minimize the risk of disclosure to unauthorized persons.

7. <u>Declassification</u>.  A party (or aggrieved entity permitted to intervene for such purpose) may apply to the court for a ruling that an item (or category of items) designated as confidential is not entitled to such status and protection.  The party or other person that designated the item as confidential shall be given notice of the application and an opportunity to respond.  To maintain confidential status, the proponent of

confidentiality has the burden of showing good cause for the item to be classified as confidential under this Order.  Before applying for declassification, the parties to any such issue shall make a good faith effort to resolve such issue on an informal basis.

8. <u>Filing and Use in Court of Designated Confidential Documents.</u>  If "Confidential Information" that consists of contact information for the former employees is included in any papers filed with the Court, such papers shall be filed under seal pursuant to Local Rule 79-5.  However, the party who initially designated such "Confidential Information" may choose to discontinue to enforce the confidentiality designation, in which case such information will no longer be considered to be "Confidential Information."

9. <u>Protection From Disclosure</u>.  Anyone in possession of designated "Confidential Information" shall take reasonable measures to bar access to the documents by anyone not allowed access pursuant to the terms of this Order.  If anyone in possession of designated "Confidential Information" receives a subpoena, discovery request, request for information received from any government agency or self regulatory organization, or other legal process (collectively "process") seeking any designated "Confidential Information" or information derived therefrom, the person or entity receiving the process shall promptly notify and forward a copy of the process to the party that made the designation with regard to such documents so that the designating party may seek to prevent the disclosure.  The person or entity receiving the process shall object to the production, but is not required to litigate the objection or seek the protection from a court, except that if the process purports to require the party to produce designated "Confidential Information" or information derived therefrom within ten (10) days from the date notice is given to the designating party, the person or entity to whom the process was directed may seek a reasonable extension of time to afford the designating party an opportunity to serve objections to the process or seek protection.  **Nothing in this Protective Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.**

3

10. <u>Non-Termination</u>. The provisions of this Order shall not terminate at the conclusion of this action and the obligation to comply with this Order shall continue indefinitely thereafter.

11. <u>No Prejudice</u>. Nothing in this Order shall prevent any party or other person from seeking modification of this Order for good cause, from objecting to discovery that it believes to be otherwise improper, or from redacting non-discoverable information from documents. A non-designating party's failure to challenge a designation of an item as "Confidential Information" by any other party or non-party shall not be deemed an admission or concession that the document or information is confidential.

**IT IS SO ORDERED**.

DATED:   11/06/12

_____
HONORABLE DAVID T. BRISTOW
United States District Court Magistrate Judge